UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MR. ALDEN ALEXANDER THOMAS, SR., ) | |
| ) | |
| Petitioner, ) | Case No. CV 13-8015-DSF(AJW) |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| WARDEN, PAUL D. BRAZELTON, ) | DISMISSING PETITION |
| ET AL., ) | WITHOUT PREJUDICE AND |
| ) | WITH LEAVE TO AMEND |
| Respondents. ) | |

Petitioner filed this petition for a writ of habeas corpus on October 30, 2013. Petitioner indicates that his petition concerns "prison discipline," "a parole problem," and "other." [Petition at 2]. He alleges the following two claims for relief:

1. "Facts, this state petitioner due process rights was violated on July/12/2013 when the appeal coordinator has single handedly remove the appeal process from this inmate in violation of the Fourth through the (14) Amendment of California and the United States Constitutional and laws." [Petition at 2-3].

2. "Facts, on April/11/2013 the State said it would be ill

advised to grant the outright release of inmate[s] who are not United States citizens, this violated my state and federal rights to due process under the Fourth and (14) Amendment to the United States Constitution, and laws." [Petition at 5].

3. "Facts, on May/2/2013 this petitioner due process was violated when the (BPH) refused to advance my hearing after a review on the merits...." [Petition at 6].

For the following reasons, the petition is dismissed without prejudice and with leave to amend.

A habeas corpus petition is the exclusive mechanism for a state prisoner to challenge the fact or duration of his or her confinement, "either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's Custody." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005)(emphasis in original); <u>see</u> <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 498-499 (1973) (explaining that habeas corpus proceedings are the proper and exclusive mechanism for a prisoner to challenge the fact or duration of his confinement); <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858-859 (9th Cir. 2003) (explaining that where a petitioner's claims, even if successful, would not shorten the duration of his custody, jurisdiction under 28 U.S.C. §2254 is absent), <u>cert. denied</u>, 541 U.S. 1063 (2004). A civil rights action pursuant to 42 U.S.C. § 1983, however "remains available for procedural challenges where success in the action <u>would</u> <u>not</u> <u>necessarily</u> spell immediate or speedier release for the prisoner." <u>Wilkinson</u>, 544 U.S. at 81 (emphasis in original).

Petitioner's allegations do not appear to relate to the constitutional validity of his conviction or sentence. Ground one

challenges petitioner's ability to administratively appeal a decision about the prison "work incentive" program. [Petition at 5-5A, Exhibit A & B]. Ground two challenges a general policy that purportedly disfavors releasing non-citizen inmates. [Petition at 5(2)[1]-5(2)B]. Ground three challenges the denial of an advanced parole hearing. As pleaded, none of petitioner's allegations challenge a particular action or decision that directly affects the duration of petitioner's custody. Even petitioner's parole-related challenge does not attack the validity of the underlying decision denying him parole. Although petitioner's ultimate goal likely is a speedier release on parole, the only relief available on petitioner's claim regarding an advanced hearing date would be a shorter wait for his next parole hearing, giving him an earlier opportunity to attempt to convince the Board that he should be deemed suitable for parole. His claim, if successful, would not necessarily imply the invalidity of his confinement or shorten its duration. Arguably, then, such a claim is not properly raised in a federal habeas petition. Wilkinson, 544 at 82 (claim seeking invalidation of state procedures used to deny parole suitability is cognizable under 42 U.S.C. § 1983).

Further, assuming that some of petitioner's allegations might present cognizable claims for relief, it is not clear that petitioner has exhausted his state remedies with respect to any of these claims. A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see Duncan

---

[1] The petition includes two versions of page 5. The Court refers to the sequentially second page 5 – on which petitioner has set forth "Ground two" – as 5(2).

v. Henry, 513 U.S. 364, 365 (1995)(per curiam). The exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to the state's highest court. Davis v. Silva, 511 F.3d 1005, 1008-1009 (9th Cir. 2008). From the face of the petition, it does not appear that petitioner has presented any cognizable federal claim to the California Supreme Court.

**Based upon the foregoing deficiencies, the petition is dismissed without prejudice and with leave to amend. Petitioner shall, within twenty-eight (28) days of the date of this order, file an amended petition curing the deficiencies noted above. The amended petition shall be filed on the forms provided by the Clerk and shall bear the case number CV 13-8015-DSF(AJW). Further, the amended petition shall include information regarding the conviction or decision petitioner intends to challenge, shall provide the specific legal and factual basis for his claims for relief, and shall indicate whether he has presented each claim to the California Supreme Court. Petitioner is cautioned that failure to file an amended petition within the time provided may result in dismissal of this petition without prejudice.**

**It is so ordered.**

Dated: <u>November 6, 2013</u>

_____
Andrew J. Wistrich
United States Magistrate Judge