1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                         **WESTERN DIVISION**

11  **MR. ALDEN ALEXANDER THOMAS, SR.,**    )
                                            )
12              **Petitioner,**             )    **Case No. CV 13-8015-DSF(AJW)**
                                            )
13         **v.**                           )
                                            )    **MEMORANDUM AND ORDER**
14  **WARDEN, PAUL D. BRAZELTON,**          )    **DISMISSING PETITION**
    **et al.,**                             )    **WITHOUT PREJUDICE**
15                                          )
                **Respondents.**            )
16  _____)

17       Petitioner filed a petition for a writ of habeas corpus on

18  October 30, 2013. On November 6, 2013, the petition was dismissed

19  without prejudice and with leave to amend.  The order dismissing the

20  petition explained that none of petitioner's allegations stated

21  cognizable claims for federal habeas relief and directed petitioner to

22  file an amended petition curing the deficiencies noted. On December 4,

23  2013, petitioner filed an amended petition that is nearly identical to

24  the original petition.

25       According to petitioner, his petition concerns "prison

26  discipline," "a parole problem," and "other." [Petition at 2].  He

27  alleges the following three claims for relief:

28

1      1. "Facts, this state petitioner due process rights was violated

2  on July/12/2013 when the appeal coordinator has single handedly remove

3  [sic] the appeal process from this inmate in violation of the Fourth

4  through the (14) Amendment...." [Petition at 5].

5      2.   "Facts, on April/11/2013 the State said it would be ill

6  advised to grant the outright release of inmate[s] who are not United

7  States citizens, this violated my state and federal rights to due

8  process under the Fourth and (14) Amendment...." [Petition at 5(2)].[1]

9      3.   "Facts, on May/2/2013 this petitioner due process was

10  violated when the (BPH) refused to advance my hearing after a review

11  on the merits." [Petition at 6].

12     A habeas corpus petition is the exclusive mechanism for a state

13  prisoner to challenge the fact or duration of his or her confinement,

14  "either directly through an injunction compelling speedier release or

15  indirectly through a judicial determination that necessarily implies

16  the unlawfulness of the State's Custody." Wilkinson v. Dotson, 544

17  U.S. 74, 81 (2005)(emphasis in original).  On the other hand, a civil

18  rights action pursuant to 42 U.S.C. § 1983 "remains available for

19  procedural  challenges  where  success  in  the  action  would  not

20  necessarily spell immediate or speedier release for the prisoner."

21  Wilkinson, 544 U.S. at 81 (emphasis in original).

22     As best the Court can discern, none of petitioner's allegations

23  challenge the constitutional validity of his conviction, his sentence,

24  or  his  continued  confinement.  Petitioner  does  not  challenge  a

25  particular action or decision that directly affects the duration of

---

[1]      The petition includes two versions of page 5.  The Court refers to
the sequentially second page 5 – on which petitioner has set forth
"Ground two" – as 5(2).

2

1  petitioner's custody.  Even petitioner's parole-related challenge does

2  not attack the validity of the underlying decision denying him parole.

3  Although petitioner's ultimate goal may be a speedier release on

4  parole, the only relief available on petitioner's claim regarding an

5  advanced hearing date would be a shorter wait for his next parole

6  hearing, giving him an earlier opportunity to attempt to convince the

7  Board of Parole Hearings that he should be deemed suitable for parole.

8  See Wilkinson, 544 U.S. at 82 (claim seeking invalidation of state

9  procedures used to deny parole suitability is cognizable under 42

10  U.S.C. § 1983).

11      Because the petition fails to raise a cognizable claim for

12  federal habeas relief, it is dismissed without prejudice.[2]

13      **It is so ordered.**

14          **12/13/13**

15  Dated:  _____

16

17                          _____
                            Dale S. Fischer
                            United States District Judge

18

19

20

21

22  _____

   [2]   While a federal court has discretion to recharacterize a
23  mislabeled habeas corpus petition as a civil rights action and to
   permit the action to proceed as such, ordinarily such a
24  recharacterization is inappropriate because of the filing fee
   requirements of the Prison Litigation Reform Act of 1995 ("PLRA"),
25  its provisions requiring sua sponte review of complaints, and its
   limits on the number of actions a prisoner may be permitted to file
26  in forma pauperis. See generally Robinson v. Sherrod, 631 F.3d 839,
   841 (7th Cir.)("[W]e think it worth reminding the district courts
27  not to recharacterize a prisoner's petition for habeas corpus as a
   prisoner civil rights complaint without his informed consent....."),
28  cert. denied, 132 S.Ct. 397 (2011).